1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT RICHARD PRICE,                        No.  2:22-cv-00202 DB P

12                        Plaintiff,

13            v.                                   ORDER

14    RCCC, et al.,

15                        Defendants.

16

17

18            Plaintiff, an inmate at Rio Cosumnes Correctional Center ("RCCC"), proceeds without

19    counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by

20    Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on January 31, 2022

21    (ECF No. 1) is before the court for screening. For the reasons set forth below, the complaint fails

22    to state a claim. Plaintiff will be granted leave to file an amended complaint.

23    **I.        In Forma Pauperis**

24            Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration motion

25    makes the showing required by 28 U.S.C. § 1915(a). The motion will be granted.

26            Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

27    1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

2

### III.     Discussion

#### A.     Allegations in the Complaint

The underlying facts referenced in plaintiff's brief complaint are difficult to discern but involve an "incident that occurred at the Rio Consumnes Correctional Center on [May 4, 2021]." (ECF No. 1 at 2.) There is evidence "clearly on RCCC surveillance" and plaintiff alleges all listed defendants' investigation statements are false. (Id. at 3.) Deputy Gill refused to accept plaintiff's safety grievance concern, which put plaintiff at a substantial risk of suffering serious harm. (Id.) Plaintiff made a citizen complaint regarding the "authority misconduct incident" that violated his constitutional safety rights. (Id.) For relief, plaintiff seeks monetary damages. (Id.)

#### B.     Applicable Legal Standards

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Id. at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the

1  defendant acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 297
2  (1991) (internal quotations marks, emphasis, and citations omitted).

3       **C.     Failure to State a Claim**

4       The complaint, as currently pleaded, does not state a claim. Plaintiff's allegations do not
5  adequately describe the specific acts or omissions that any named defendant engaged in that
6  violated his rights. The complaint names a handful of defendants but only references Deputy Gill
7  in the factual allegations. (<u>Id.</u>) Plaintiff alleges Deputy Gill refused to accept plaintiff's safety
8  grievance, which put plaintiff at a substantial risk of suffering serious harm. These allegations are
9  too vague and conclusory to state a claim. <u>See</u> <u>Twombly</u>, 550 U.S. at 555-557 (in order to avoid
10 dismissal, a complaint must contain more than "naked assertions" or "labels and conclusions").

11      The current allegations are insufficient for the court to plausibly conclude that Deputy Gill
12 or any other defendant acted with deliberate indifference to a threat of serious harm or injury to
13 plaintiff. <u>See</u> <u>Hearns</u>, 413 F.3d at 1040; <u>Wilson</u>, 501 U.S. at 297. The complaint must be
14 dismissed because it does not contain sufficient factual content to allow the court to draw the
15 reasonable inference that any named defendant has violated plaintiff's constitutional rights. <u>See</u>
16 <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (even a pro se litigant's
17 complaint must give fair notice of the claim). In order to state a cognizable claim, at a minimum,
18 plaintiff must allege additional facts about the incident that occurred on May 4, 2021.

19     **IV.    Conclusion and Order**

20      The complaint fails to state a claim, but plaintiff is granted leave to amend. <u>See</u> <u>Noll v.</u>
21 <u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended
22 complaint, it should be titled "first amended complaint" and must state what each named
23 defendant did that led to the deprivation of constitutional rights. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676-677.

24      Alternatively, plaintiff may notify the court he wishes to stand on the complaint as it is
25 currently pleaded. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004). If
26 plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss
27 the complaint without further leave to amend, after which plaintiff will be granted an opportunity
28 to file objections, and a district judge will determine whether plaintiff has stated a cognizable claim.

1   In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff

2   may file a notice of voluntary dismissal. Filing a notice of voluntary dismissal will terminate this

3   action by operation of law.

4   Plaintiff should note this opportunity to amend is not for the purpose of adding new

5   claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

6   Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

7   An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57

8   (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded

9   pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original

10   pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff

11   must sufficiently allege each claim and the involvement of each defendant.

12   In accordance with the above, IT IS HEREBY ORDERED:

13   1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

14   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth

15   by separate order.

16   3.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

17   4. Within thirty days from the date of service of this order, plaintiff must file one of the

18   following:

19   a.  An amended complaint curing the deficiencies in the claims identified in this

20   order;

21   b.  A notice of election to stand on the complaint as filed; or

22   c.  A notice of voluntary dismissal.

23   5.  Failure to respond to this order will result in a recommendation that this action be

24   dismissed.

25   Dated:  September 19, 2022

26

27

28   DLB7
     pric0202.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5